**So Ordered.**

**Dated: May 22nd, 2025**



**Frederick P. Corbit
Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>REBECCA E. WOLFE,<br><br>　　　　　Debtor. | Case No. 22-01075-FPC13<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER DIRECTING THE SUPERIOR COURT OF WASHINGTON, COUNTY OF SPOKANE TO DISBURSE FUNDS TO THE DEBTOR** |

## SUMMARY OF INSTRUCTIONS TO SUPERIOR COURT[1]

Out of the funds held by the Superior Court of Washington in the County of Spokane, Case No. 19-3-02135-32, the clerk of the Superior Court is ordered, as soon as reasonably possible, but no later than 21 days from the entry of this order, to disburse $155,719.77 to Rebecca E. Wolfe. The disbursal may be by check payable to Rebecca E. Wolfe. The check may be mailed or delivered to Ms. Wolfe in care of her bankruptcy attorney's law office, which is:

The Law Office of Robert L. Hahn, III, P.S.
2906 N. Argonne Rd.
Spokane, WA 99212

## INTRODUCTION

Rebecca E. Wolfe is the Debtor in this chapter 13 proceeding. In her bankruptcy schedules, Debtor claimed a homestead exemption in $252,903.50 of the proceeds from the sale of the home she owned with her ex-husband John Alex

---

[1] Within three court days of the entry of this order, the Debtor's attorneys shall deliver a certified copy of this order to the Superior Court.

ORDER DIRECTING SUPERIOR COURT TO DISBURSE FUNDS - 1

Bies ("Dr. Bies"). (ECF No. 1, p. 17) Diane Bies,[2] John Bies,[3] and Dr. Bies (together, the "Objecting Parties") objected to Debtor's claimed homestead exemption. Those objections were overruled in an order this Court entered on May 1, 2023 (the "Previous Order").[4] (ECF No. 79) However, more than two years have elapsed since the entry of the Previous Order and no portion of sale proceeds have been disbursed to the Debtor. Accordingly, this Court is ordering that $155,719.77 of the sale proceeds currently held in the Superior Court be disbursed to the Debtor within twenty-one days of the entry of this order.

## FINDINGS OF FACT

**The Superior Court Proceedings**

1. Debtor and Dr. Bies were married on June 21, 2013. (ECF No. 77 at 18-19, 41; *see also* ECF No. 57, Ex. J)[5]

2. On June 1, 2018, during their marriage, Debtor and Dr. Bies purchased a family home located in Spokane County (the "Real Property").[6] (ECF No. 77 at 19; *see also* ECF Nos. 53 at 1; 59 at 1)

3. On August 13, 2020, in anticipation of the Debtor and Dr. Bies divorcing, Debtor and Dr. Bies voluntarily sold the Real Property. (ECF Nos. 77 at 19-20, 42-43; 71 at Cred. Ex. 2; *see also* ECF Nos. 53 at 2; 59 at 1)

4. The sale resulted in $505,807 in net proceeds (the "Sale Proceeds"). (ECF Nos. 77 at 22-23; 71 at Cred. Ex. 1; *see also* ECF Nos. 53 at 3; 59 at 1)

5. Per the agreement of Dr. Bies and Debtor, on August 14, 2020, the Sale Proceeds were deposited into the escrow account of the Hogan Law Group (the "Closing Agent") until the Sale Proceeds could be divided. (ECF Nos. 77 at 23-24; 71 at Cred. Exs. 1, 5)

6. Debtor petitioned for dissolution of her marriage on August 28, 2019, (the "Divorce Proceedings") in the Spokane County Superior Court (the "Superior

---

[2] Diane Bies is Dr. Bies' mother and Debtor's ex-mother-in-law.
[3] John Bies is Dr. Bies' father and Debtor's ex-father-in-law.
[4] This order incorporates the Previous Order and much of the Previous Order is repeated herein.
[5] All citations to ECF No. 77 are to the Evidentiary Hearing Transcript.
[6] 2415 S. Manito Blvd., Spokane Washington 99203, Spokane County, Parcel 35293.1108.

ORDER DIRECTING SUPERIOR COURT TO DISBURSE FUNDS - 2

Court"). (*See* ECF Nos. 77 at 18-19; 71 at Cred. Ex. 3) The Debtor's Superior Court dissolution case number is 19-3-02135-32.

       7.       On May 10, 2021, a three-day trial commenced in the Divorce Proceedings. (ECF No. 71 at Cred. Ex. 4)

       8.       On May 27, 2021, the Superior Court announced its oral decision. On June 25, 2021, the Superior Court entered Findings of Fact and Conclusions of Law about a Marriage ("Findings and Conclusions About a Marriage") and a Final Divorce Order ("Dissolution Decree"). (ECF No. 57 at Exs. A, B; *see also* ECF No. 77 at 18)

       9.       The Findings and Conclusions About a Marriage states:

> Prior to trial, the parties sold their real property. The proceeds from that sale, in the amount of $505,807.18 is held in the escrow account of Hogan Law Group, *pending distribution as a result of this dissolution*.

(ECF No. 57 at Ex. B, emphasis added)

       10.      In the Final Divorce Order, paragraph 8, the Superior Court awarded to Ms. Wolfe, as her separate property, $252,903.50 from the Sale Proceeds. (ECF No. 57 at Ex. A)

       11.      In the Final Divorce Order, in paragraph 9, the Superior Court awarded to Dr. Bies, as his separate property, $252,903.50 from the Sale Proceeds. (ECF No. 57 at Ex. A)

       12.      Mr. Dudley, Debtor's attorney in the Divorce Proceedings, signed both the Findings and Conclusions About a Marriage and the Final Divorce Order. However, Ms. Watts, Dr. Bies's attorney, did not sign either document and instead wrote "objected to by written memorandum" on the signature line. (ECF No. 57 at Exs. A and B)

       13.      On July 1, 2021, Dr. Bies filed a Notice of Appeal to the Court of Appeals, Division III, followed by the filing of an emergency motion on July 9, 2021, seeking review of the Superior Court's Final Divorce Order and Findings and Conclusions About a Marriage. (ECF No. 71 at Cred. Ex. 4)

       14.      Dr. Bies' appeal requested alternative remedies that either: (1) directed the Closing Agent to transfer the Sale Proceeds to the Superior Court as a

bond pending appeal, or (2) remanded the matter to the Superior Court for issuance of a supersedeas bond. (ECF No. 71 at Cred. Ex. 4)

15. On July 14, 2021, the Court of Appeals declined to stay the trial court orders and instead remanded the matter back to the Superior Court to "grant the stay and set the amount of the supersedeas bond." (ECF No. 71 at Cred. Ex. 4)

16. On remand, Dr. Bies argued that that the Superior Court should: (i) set the supersedeas bond in the amount of $65,522.63; (ii) stay the distribution of funds to Debtor pending appeal; and (iii) distribute $187,380.87 to Dr. Bies within ten days. Debtor argued that the bond amount should be $505,807.18 and that neither party should receive any distribution of funds pending appeal. (ECF No. 71 at Cred. Ex. 4)

17. On August 31, 2021, the Superior Court entered an order setting the supersedeas bond in the amount of $505,807.18. The order directed the Closing Agent to, within seven days, deposit the $505,807.18 with the Clerk of Spokane County Superior Court, who was to hold the funds until further order. Pursuant to the August 31, 2021, order, the Closing Agent deposited the Sale Proceeds into the Spokane Country Superior Court's registry. (ECF No. 71 at Cred. Ex. 4)

18. On September 22, 2021, Diane Bies initiated a lawsuit in the Spokane County Superior Court against her son Dr. Bies and Ms. Wolfe for money she allegedly loaned to the couple when they were married (the "Garnishment Proceedings"). (ECF No. 57 at Ex. G)

19. Diane Bies prevailed and obtained a judgment against her son Dr. Bies and Ms. Wolfe. As a result, a portion of the Sale Proceeds was subject to a writ of garnishment entered on November 2, 2022. (Case No. 21202701-32) On November 7, 2022, the Superior Court issued a check to Diane Bies in the amount of $194,367.63. (ECF Nos. 57 at Ex. H; 59)

20. Dr. Bies was entitled to a homestead exemption pursuant to RCW 6.13 *et seq.*, that could have prevented his mother from executing against his interest in the Sales Proceeds. However, he waived the homestead exemption. (ECF No. 126 at 6)

21. The Sale Proceeds balance—approximately $311,439.55— remains in the Spokane County Superior Court's registry. (ECF No. 77 at 7-12)

22. It is just and equitable, after considering all relevant factors, to apportion the garnishment equally between Dr. Bies and Ms. Wolfe's interests in the Sale Proceeds.

**The Main Bankruptcy Court Proceeding**

23. Ms. Wolfe petitioned for bankruptcy under chapter 13 on November 16, 2022, in the Eastern District of Washington. Ms. Wolfe, now as the "Debtor," timely filed bankruptcy schedules and a chapter 13 plan. (ECF Nos. 1-2)

24. Pursuant to 11 U.S.C. §§ 362(a)(1), the bankruptcy petition operated as a stay of actions against the Debtor or any act to recover a claim against the Debtor that arose before the commencement of her bankruptcy case.

25. Debtor elected state and federal nonbankruptcy exemptions pursuant to 11 U.S.C. § 522(b)(3). (ECF No. 1)

26. Debtor claimed a $252,903.50 homestead exemption in the Sale Proceeds pursuant to RCW 6.13.010; 020; 030; 070. Debtor explained:

> The Clerk of the [Superior] Court is holding proceeds from sale of homestead real property located at 2415 S. Manito Blvd., Spokane WA 99203, held pursuant to court order. Approximately $505,807. All funds held are proceeds of sale of homestead property.[7]

(ECF No. 20 at Schedule C)

27. Debtor's schedules list: (i) Diane Bies as holder of a $97,184 nonpriority unsecured claim arising from a loan; and (ii) John Bies as holder of a $60,405 nonpriority unsecured claim also arising from a loan. Debtor did not list her ex-husband Dr. Bies as a creditor. (ECF No. 1 at Schedule E/F)

28. On December 8, 2022, the section 341 meeting of creditors in the Debtor's bankruptcy case was held and concluded. (ECF No. 24)

29. John Bies, Diane Bies, and Dr. Bies all filed proof of claims in this bankruptcy proceeding. On December 23, 2022, John Bies filed Proof of Claim 2-1, an unsecured nonpriority claim in the amount of $124,041.55. (POC 2-1) On January 23, 2023, Diane Bies filed Proof of Claim 4-1, an unsecured nonpriority

---

[7] The $505,807 amount stated by the Debtor does not include the $194,367.63 garnished by Diane Bies. The parties provided varying sums reflecting deposits and garnishments. However, to the extent those sums do not match, the Court finds the variances are insignificant.

ORDER DIRECTING SUPERIOR COURT TO DISBURSE FUNDS - 5

claim in the amount of $0. Under basis for claim, Diane Bies noted, "Judgment satisfied prior to the bankruptcy." (POC 4-1) Finally, on January 25, 2023, Dr. Bies filed Proof of Claim 6-1, an unsecured priority claim in the amount of "unknown." Dr. Bies's claim included allegations that the Superior Court awarded Debtor a disproportionate amount of the net marital assets, erroneously awarded Dr. Bies's separate property to Debtor, and wrongly assigned community debt. (POC 6-1)

30. Two parties objected to confirmation of Debtor's chapter 13 plan. Dr. Bies objected on December 5, 2022. John Bies objected on December 23, 2022. Debtor responded to the objections and the matter was set for hearing. (ECF Nos. 17-18; 26-27; 30-32) In connection with the objections, questions were raised about the Debtor's claimed homestead exemption.

31. On January 11, 2023, a hearing on the objections was held. Appearing at the hearing were Julie C. Watts and Christell Casey, attorneys for Dr. Bies; Douglas R. Dick, attorney for Diane Bies; Aaron Dunham, attorney for John Bies; Robert C. Hahn, III, attorney for Debtor; and Mike Todd, attorney for the chapter 13 trustee. (ECF Nos. 34-35)

32. Due to the complexity and breadth of counsels' arguments, the Court determined that several preliminary issues related to exemptions required resolution before confirmation could be addressed. After discussion, Counsel agreed that there were five threshold issues before the Court, and that resolution of those issues should proceed as a contested matter, pursuant to Bankruptcy Rule 9014.

33. On January 13, 2023, the Court issued a scheduling order outlining the five preliminary issues requiring resolution. The Court also ordered that the parties' final briefs were due on or before March 30, 2023. (ECF Nos. 36 and 51) Dr. Bies, John Bies, and Diane Bies all timely filed their respective briefs. (ECF Nos. 53-57; 59-63; 70-71)

34. No parties other than Dr. Bies, John Bies, and Diane Bies objected to Debtor's claimed exemptions.

35. On April 13, 2023, the evidentiary hearing took place. In attendance were: Debtor and her counsel Rob Hahn and Tim Durkop; Dr. Bies, and his counsel Julie C. Watts; John Bies and his counsel Aaron Dunham; Diane Bies, and her counsel Douglas R. Dick; and Mike Todd, attorney for the chapter 13 trustee.

36. At the outset of the hearing, the parties agreed that two of the five issues set forth in the Scheduling Order were no longer disputed. As stated in their pre-hearing filings, and confirmed by Mr. Durkop during the evidentiary hearing, Debtor conceded that the Objecting Parties had timely filed objections to Debtor's exemption claim and acknowledged that Dr. Bies was a party in interest with standing to participate in the proceeding. (ECF No. 77 at 3-4; *see also* ECF No. 59)

37. Consequently, only three issues remained in dispute: (1) whether receipt, as used in the RCW 6.13.070(3), requires actual or constructive receipt to trigger the one-year reinvestment period under RCW 6.13.070(3); (2) whether Debtor intended in good faith to reinvest the Sale Proceeds in a new homestead; and (3) assuming Debtor is entitled to claim a homestead exemption in the Sale Proceeds, whether the homestead exemption amount is determined on the day the bankruptcy petition was filed or the date the home was sold. (ECF No. 77 at 6, 12)

38. During opening statements, Mr. Dunham, as lead counsel for the Objecting Parties, acknowledged that the Objecting Parties had the burden of proving, by a preponderance of the evidence, that Debtor is not entitled to claim a homestead exemption the Sale Proceeds. (ECF No. 77 at 6)

39. On May 11, 2023, after hearing testimony and entering arguments, the Court entered the Previous Order that resolved the three issues in Debtor's favor. The Previous Order specifically provided that "[t]he full amount of Debtor Rebecca E. Wolfe's exemption claim is ALLOWED." (ECF No. 79 at 23)[8]

40. The Previous Order was a final order and was not appealed.

**Events after the Evidentiary Hearing**

41. The Debtor's Chapter 13 Plan of Reorganization was confirmed by this Court on June 15, 2023. (ECF No. 86)

42. The Debtor has timely made each monthly plan payment, is on schedule to make her final plan payment within about six months, and Debtor is on track to obtain a discharge of debts pursuant to 11 U.S.C. § 1328.

---

[8] The Court acknowledges that paragraph 16 of the Previous Order could cause confusion. That paragraph states: "The Court notes that the matter before it is not one of property division; that is for the state court to handle. The issue before the court is whether, and to what extent, a homestead exemption exists as to the Sale Proceeds." (ECF No. 79 at 13) However, the Court did not intend for this sentence to limit the Debtor's ability to obtain her exempt property.

ORDER DIRECTING SUPERIOR COURT TO DISBURSE FUNDS - 7

43. More than two years have elapsed since the entry of the Previous Order and the Debtor has not received any of the Sale Proceeds. The combined actions of Dr. Bies and his parents have prevented the Debtor from timely benefiting from her homestead exemption that this Court approved in the Previous Order.

44. On October 17, 2024, the Debtor filed a complaint against Diane Bies to recover an alleged preferential transfer (the "Adversary Action"). (Case No. 24-80031-FPC)

45. In the Adversary Action, the Debtor requested a money judgment against Diane Bies for $194,367.63, which was the total amount Diane Bies obtained on November 2, 2022, by garnishing the Sale Proceeds.

46. Dr. Bies, Diane Bies, John Bies, and the Debtor all came to this Court and asked it to finally resolve the disputes related to the Debtor's claim that a portion of the Sale Proceeds are her exempt property. After this Court resolved that dispute in the Previous Order—that no party appealed—Dr. Bies, Diane Bies, and John Bies are now arguing that the Previous Order should not be implemented.

47. As a result of the delay in disbursing a portion of the Sale Proceeds to the Debtor, the Court scheduled a hearing on April 28, 2025. At the hearing, the Court directed the parties to attempt to agree on how the Sale Proceeds should be disbursed to Dr. Bies and the Debtor. Through counsel, Dr. Bies reported to the Court, on May 9, 2025, that no agreement was reached. (ECF No. 122)

48. On May 13, 2025, the Court conducted another hearing where all interested parties were represented by counsel. The Court authorized the parties to file supplemental briefs on or before May 16, 2025. (ECF No. 124) The May 16 deadline was extended to May 20, 2025. (ECF No. 125)

49. For the first time, at the April 28 and May 13, 2025 hearings, the Objecting Parties asserted that the Debtor is not be entitled at least to one-half of the remaining Sale Proceeds despite the fact this Court approved her homestead exemption in the Previous Order.

50. In particular, Dr. Bies argued—for the first time—that it was inequitable to disburse one-half of the net Sale Proceeds to the Debtor because Dr. Bies will have to pay the full amount of the alleged debt owed to his father. This argument ignores that the homestead protection of the Sale Proceeds was available to both Ms. Wolfe and Dr. Bies even though Dr. Bies did not file for bankruptcy.

Moreover, Dr. Bies' waiver of his homestead exemption cannot be attributed to his ex-wife.

51. Also, Dr. Bies argued for the first time at the April 28 and May 13, 2025 hearings that the Debtor should not receive one-half of the net Sale Proceeds because the Debtor has a preference action pending against Diane Bies. This argument ignores that the Debtor claimed a homestead exemption in only $252,903.50 of the Sale Proceeds. As a result, after the Debtor receies $155,719.77 of the Sale Proceeds, she would be limited to recovering only one-half of what Diane Bies was able to garnish.[9].

52. On May 21, 2025, Dr. Bies filed a memorandum, in which he argues that the state court, and not this Court, should decide "whether and to what extent, a homestead exemption exists as to the Sale Proceeds." (ECF No. 126 at 12)[10] Dr. Bies' memorandum misses the mark. There is no dispute that the Debtor claimed a homestead of $252,903.50 in the Sale Proceeds (ECF No. 20 at 2) and this Court entered the Previous Order which allowed the full amount of the claimed homestead exemption. (ECF No. 79 at 23) Accordingly, in a process in which Dr. Bies participated without objection, this Court has already decided "whether and to what extent, a homestead exemption exists as to the Sale Proceeds." [11]

---

[9] After the Debtor receives $155,719.77 of the Sale Proceeds as provided by this order, if the Debtor were able to recover more than $97,183.73 in the preference action against Diane Bies, she would receive more funds than she claimed as exempt on her bankruptcy schedules. The Debtor's schedules list a homestead exemption, approved by this Court, of $252,903.50 in the Sale Proceeds; however, the $155,719.77 recovered pursuant to this order, plus the full amount collected by Diane Bies of $194,367.63, totals $350,087.40, which exceeds the Debtor's approved homestead exemption by $97,183.73

[10] The memorandum was technically filed a few minutes late. However, counsel has provided a good excuse and the Court will consider the memorandum timely filed.

[11] Furthermore, Dr. Bies relies heavily on the case *In re Cohen*, 656 B.R. 798 (9th Cir. BAP 2023) to justify an argument that this Court lacks jurisdiction to decide this matter. However, *Cohen* is distinguishable from this case. *Cohen* involved distinctly marital disputes concerning the debtor ex-husband's misuse of community property during the marriage. *Cohen*, 656 B.R. at 809 (citing *Ex Parte Burrus*, 136 U.S. 586, 593–94 (1989)) ("Long ago, the Supreme Court determined that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States.'"). However, this case concerns disputes about the property rights of a debtor in a bankruptcy proceeding. The Bankruptcy Court is not taking away the Superior Court's ability to decide "domestic relations" matters such as whether a marriage should be dissolved, who gets custody of the children, or the amount of the domestic support obligations.

ORDER DIRECTING SUPERIOR COURT TO DISBURSE FUNDS - 9

53. All parties involved in the related preference action (Adv. No. 24-80031) are involved in this current matter and were represented by legal counsel at the April 28 and May 13, 2025 hearings. The resolution of the current matter before this court will impact the amount of the Debtor's claim in the preference action.

54. It would cause unnecessary delay, and additional cost to all concerned parties, if this Court deferred to the state court on how much and when a portion of the Sale Proceeds should be disbursed to the Debtor.

55. The Court finds that it is appropriate for it to make the decision regarding the amount of the Sale Proceeds that should be disbursed by the Superior Court Clerk to the Debtor. Moreover, the Court finds that it is just and equitable, after considering all relevant factors, for the Debtor to receive $155,719.77 of the Sale Proceeds currently held by the Superior Court.

## **CONCLUSIONS OF LAW**

1. In Washington, in a proceeding for the dissolution of a marriage, the disposition of the parties' property and liabilities shall be just and equitable after considering all relevant factors. RCW 26.09.080.

2. Upon filing of a bankruptcy petition, a bankruptcy estate is created, comprised of all the debtor's legal and equitable interest in property as of the commencement of the case. 11 U.S.C. § 541.

3. Pursuant to 28 U.S.C. § 1334(e)(1), and 28 U.S.C. § 157(b)(2)(A) and (B), this Court has "exclusive jurisdiction of all the property, wherever located," of the Debtor as of the commencement of her bankruptcy case on November 16, 2022.

4. Bankruptcy Rule 4003(b) limits the time in which a creditor can object to the Debtor's list of claimed exemptions. The deadline is 30 days after the later of: (i) the conclusion of the first meeting of creditors; (ii) the filing of an amendment to the list of exemptions; or (iii) the date that a supplemental schedule is filed. In this case, the Court extended the time to file briefs regarding the objections to March 9, 2023. Accordingly, the deadline for the parties to object to the amount of the Debtor's claimed exemptions expired more than two years ago.

5. The new arguments by Dr. Bies that the Debtor should receive less than one-half of the net Sale Proceeds ignores that the funds, as proceeds from the

sale of a home, qualify as Debtor's homestead exemption under both state and federal law.

6. Moreover, Dr. Bies could have protected his share of the Sale Proceeds from the claims of his father and mother. He failed to do so. Dr. Bies' failure to protect his share of the Sale Proceeds has no legal effect on the amount Debtor can claim as a homestead exemption.

7. The Previous Order, which was entered on May 11, 2023, was a final order, was not appealed, and conclusively approves the Debtor's homestead exemption.

8. Dr. Bies' recent arguments are being asserted *two years* after the Court conducted an evidentiary hearing and entered the Previous Order. Simply put, Dr. Bies' current arguments are too late.

9. Waiver may be either express or implied; an express waiver is governed by its own terms, while implied waiver may be found based on conduct conclusively establishing intent to waive a right. *Matter of Est. of Petelle*, 195 Wash. 2d 661, 665, 462 P.3d 848, 850 (2020). A party may waive their rights by delaying in asserting or failing to assert an otherwise available adequate remedy. *Albice v. Premier Mortg. Servs. of Washington, Inc.*, 174 Wash. 2d 560, 569, 276 P.3d 1277, 1282 (2012).

10. The Objecting Parties' failure to raise particular objections to the amount of the Debtor's homestead exemption, at or prior to the evidentiary hearing, constitutes a waiver of those particular objections.

11. However, even if the objections were not waived, this Court concludes that it is appropriate to deny the objections. Denying the recent objections promotes justice, equity, and efficiency.

12. A bankruptcy trustee, in specific circumstances, can recover funds from creditors when the funds were collected on an antecedent debt owed by the debtor. 11 U.S.C. § 547(b). A debtor may pursue a similar preference action to the extent that the debtor could claim the funds as exempt. 11 U.S.C. § 522(h); *see also In re Jardine*, 120 B.R. 559, 560–62 (Bankr. D. Idaho 1990) (chapter 13 debtor may use trustee's avoiding powers for involuntary transfers of otherwise exempt property where trustee has not acted). Accordingly, pursuant to §§ 547(b) and 522(h) of the Bankruptcy Code, the Debtor initiated her preference claim

against Diane Bies, and in that preference action, upon Debtor's receipt of the funds in accordance with this order, her preference claim will be limited.[12]

      13. To the extent a conflict exists between the Bankruptcy Code and Washington state law, the Bankruptcy Code controls under the supremacy clause, Article VI, Clause 2, of the United States Constitution.

## ORDERS

Based on the foregoing, it is ordered:

      1. Debtor is entitled to $155,719.77 of the proceeds held in the registry of the Superior Court of Washington in the County of Spokane, Case No. 19-3-02135-32; and

      2. The Superior Court shall remit the funds to Debtor's bankruptcy attorney within 21 days of the entry of this order.

///END OF ORDER///

---

[12] Since the Debtor's exemption claim was only $252,903.50, upon her receipt of the $155,719.77 pursuant to this order, her preference claim will be limited to $97,183.73. The $155,719.77 provided by this order, plus $97,183.73, totals the full amount of the Debtor's claimed exemption of $252,903.50.